By the Court.
The whole question in this case turns upon the matter and meaning of two certain suretyship contracts executed by the defendants in error in favor of the plaintiff in error.
The first contract is of the date of October 7, 1896, and the pertinent parts thereof read as follows:
“The condition of the above obligation is such that, whereas, the above named V. H. Houtzer and Son, V. H. Houtzer, W. H. Houtzer is now indebted to said Bank and wishes hereafter to use his credit and create other indebtedness to said Bank by way of renewals and new obligations and said Adaline Houtzer and Lodema Houtzer intends to and does hereby become surety for said V. H. Houtzer & Son, V. H. Houtzer, W. H. Houtzer, and this is to give V. H. Houtzer & Son, V. H. Houtzer, W. H. Houtzer credit at said bank *405 to the extent of Fifteen Hundred Dollars. Now if the said V. H. Houtzer & Son, V. H. Houtzer, W. H. Houtzer shall pay to said The First National Bank of Van Wert, Ohio, all and any indebtedness and obligations he or either or any of them [italicized words interlined in pen and ink] may owe to said Bank, on notes, now owing, or hereafter given, drafts, checks, accounts,” etc., “and all renewals of any of them and every other indebtedness he or either or any of them [italicized words interlined in pen and ink] may owe to said Bank in any form or character said indebtedness may assume,” etc.
This contract is signed V. H. Houtzer & Son, V. H. Houtzer, Adaline Houtzer, W. H. Houtzer, Mrs. Lodema Houtzer, and witnessed by several signatures.
The second suretyship contract is of the date of June 22, 1904, and of similar import, signed by the same parties, and given to the same bank.
The pertinent part thereof is as follows:
“The condition of the above obligation is such that, whereas, the above named V. H. Houtzer & Son, V. H. Houtzer and W. H. Houtzer, is now indebted to said Bank and wishes hereafter to use his, their and its [italicized words interlined in pen and ink] credit and create other indebtedness to said Bank by way of renewals and new obligations and said Adaline Houtzer and Lodema Houtzer intends to and does hereby become surety for said V. H. Houtzer & Son, V. H. Houtzer and W. H. Houtzer, and this is to give V. H. Houtzer & Son, V. H. Houtzer, W. H. Houtzer credit at said bank *406 to the extent of One Thousand Dollars. Now if the said V. H. Houtzer & Son, V. H. Houtzer, W. H. Houtzer shall pay to said The First National Bank of Van Wert, Ohio, all and any indebtedness and obligations he, they and it [italicized words interlined in pen and ink] may owe to said Bank, on notes, now owing, or hereafter given,” etc., “and all renewals of any of them and every other indebtedness he, they or it [italicized words interlined in pen and ink] may owe to said Bank in any form or character said indebtedness may assume and in any relation that he may be liable thereon, then this obligation shall be void.”
Mortgages were executed to secure the full satisfaction and execution ■ of said suretyship contracts and were signed by the same parties.
The world’s business to-day is done by contract and most of those contracts take the form either of some formal writing or informal memorandum.
When the written contract appears on its face to be full and complete and to bear the signatures of all the parties to said contract, the terms and provisions, as written in the bond, must control the rights and obligations of all parties thereto, unless said contract be challenged as contrary to public policy, as having been procured by fraud, or as needing reformation in equity because of some mutual mistake. There is no such challenge appearing on this record, and the only question appearing before this court is, What is the contract between the parties ?
If the words and terms of the contract are plain *407 and clear, there is neither room nor right for any court to attempt construction.
The parties under the issues in this case are presumed to have intended to contract in the manner and form in which they did contract. ' They are presumed to have intended to have given to the language of the contract the ordinary and usual meaning given to such language.
True, this is a suretyship contract, and the rule has been well established for many years that such shall be strictly construed in favor of the surety. But that does not warrant a court in reading into a contract something that is not there by act of the parties, whether that something be a word, phrase or clause, varying the terms of the contract, or in reading into the contract doubt and ambiguity where the meaning is perfectly clear.
The rule of reason applies to the understanding and application of all contracts. Here we have a business firm dealing with a business bank to obtain the necessary credit to enable said firm to carry on its business, which presumably furnished a livelihood for said firm and the families represented therein, including of course their wives, who became sureties on these bonds. No claim is made that the bank did not advance the money to the partnership, or to one or the other of its members.
The sole question is as to whether or not the sureties are liable for the amount of the bond, which at most would be but a small part payment of the total furnished by the bank to the partnership, or its members, under the bond.
*408 The language of the first bond, “he or either or any of them,” as well as the language of the second bond, “he, they and it,” is so broad and comprehensive that it clearly includes not only the firm, but each member thereof as individuals, and it is quite manifest that the parties must have so understood it; at least the law' presumes such understanding in the face of this simple and ordinary every-day language.
The very foundations.of business make it obligatory that all parties shall fully and faithfully carry out the terms and conditions of each contract according to its spirit and purpose as shown by the four corners of the contract.
The most superficial reading of these contracts clearly shows the wives of these partners were simply pledging certain interests in property in order that the bank might extend future credits to their husbands who were conducting the business.
The mere fact that one of the husbands died, dissolving by law the partnership, does not, in face of the language especially written into the formal contracts above quoted, in any wise lessen the liabilities of all parties to the bond. The construction placed by the court of appeals on these contracts absolutely ignores or destroys the language above quoted, and-in fact the principal obligations created by the bonds.
The parties made their own contracts. It is neither the right nor privilege of this court to make new ones for them. They took the benefits thereunder and they must now assume the burdens.
*409 It is wholly immaterial as to whether the liability to the bank was incurred before the partnership was dissolved, or after. Partnership names mean nothing. Business may be conducted by an individual under a partnership name that is founded on the name of a deceased partner. The liability of the husbands in this case, who were parties to the bond, was not merely joint, but joint and several, and under the terms of the suretyship contracts their liability and the liability of the sureties was a continuing liability. It is clear that future credit by the bank to enable the Houtzers to continue the business was the chief purpose of the making of these contracts, and that the extension of credits was thereby effected.
It is the duty of courts to look to the substance of things and hold the parties responsible according to the actual facts and conditions of their written obligations and what was done pursuant thereto.
There is nothing for this court to interpret. The language is plain and clear, and effect must be given to all of it as written in the bond.
Therefore, the judgment of the court of appeals is reversed and judgment rendered for plaintiff in error.
Judgment reversed and judgment for plaintiff in error.
Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.
Nichols, C. J., not participating.